THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN LIGHT-ROTH,

        Petitioner,

   v.

STEPHEN SINCLAIR,

        Respondent.

CASE NO. C11-0313-JCC

ORDER DENYING PETITION AND GRANTING CERTIFICATE OF APPEALABILITY

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Mary Alice Theiler (Dkt. No. 26), Petitioner's objections (Dkt. No. 27), and Respondent's response (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court rules as follows.

The facts and procedural history of this case are set out in detail in the R&R (Dkt. No. 26), so no repetition is required. Petitioner objects to three recommendations in the R&R, discussed below.

**A.    Should State Appellate Court Factfinding Get the Same Deference as State Trial Court Factfinding?**

In her R&R, Judge Theiler noted that pursuant to § 2245(e)(1), if a habeas petitioner challenges the determination of a factual issue by a state court, such determination shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness

by clear and convincing evidence. *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003). The state appellate court's factual findings are entitled to the same presumption of correctness afforded the trial court's findings. *Williams v. Rhoades*, 354 F.3d 1101, 1108 (9th Cir. 2004). Petitioner contests this latter citation.

Petitioner argues that the *Rhoades* case holds only that the decisions of state appellate courts are entitled to deference only when they are ruling on matters of law or when they are interpreting the factfinding of state trial courts. (Dkt. No. 27 at 3–7.) The Court disagrees. Petitioner highlights quotations in which the traditional factfinding role of the trial court is discussed, but there is no indication that appellate courts are prohibited from making similar determinations of fact. *Rhoades*, 354 F.3d at 1108–09. ("The trial judge had the unique opportunity to observe the demeanor of the prosecutor as he justified the peremptory strike. . . . As the primary arbiter of credibility, the trial court was entitled to find this evinced Juror X's possible bias.")

The language of the habeas statute presents no reason to doubt that appellate courts are permitted to make findings of fact. It states simply: "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2245(e)(1). Nothing in this language excludes factual determinations from appellate courts. The Supreme Court has confirmed this interpretation, explicitly holding that "the presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." *Sumner v. Mata*, 455 U.S. 591, 592-593 (U.S. 1982). In determining that the findings of fact of the state appellate court were entitled to a presumption of correctness, Judge Theiler was correct.

B. **Is an Evidentiary Hearing Necessary?**

Petitioner next questions Judge Theiler's conclusion that an evidentiary hearing is not necessary. Petitioner seizes upon a citation from a Ninth Circuit opinion: "We have repeatedly

held that where a state court makes factual findings without an evidentiary hearing or other opportunity for the petitioner to present evidence, 'the fact-finding process itself is deficient' and not entitled to deference." *Hurles v. Ryan*, 2011 U.S. App. LEXIS 13819 at *24–25 (9th Cir. 2011). But Petitioner's interpretation of the citation is incorrect. There is no statutory requirement for an evidentiary hearing. The habeas statute dictates that deference is not due to the judgment a state court if that judgment was based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (U.S. 2003). It is true that the *Hurles* court observes several instances where the lack of an evidentiary hearing was part of an overall unreasonable determination of the facts, but the case does not hold that a failure to conduct an evidentiary hearing is unreasonable per se. It is not. *See Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004) ("We decline to accept Lambert's proposal to inject an 'evidentiary hearing' requirement as a pre-requisite to AEDPA deference.")

Even if the lack of an evidentiary hearing does not render the determination of facts unreasonable, the question of reasonableness must still be addressed. The trial judge found: "There is no evidence that Mr. Van Brackle received any benefit for his cooperation and testimony in Mr. Light-Roth's case." (Ex. 49 at 8.) Petitioner argues that this is not a reasonable conclusion because of a declaration from Mr. Van Brackle's counsel, which stated that the prosecutor had informed him that the prosecutor's office would not attempt to use Van Brackle's testimony against him if he proceeded to trial, "in effect giving testimonial immunity to Mr. Van Brackle." (Dkt. No. 9 (App. F) at 30.) While the declaration is arguably inconsistent with Van Brackle's testimony, a single declaration, with little detail, providing its own legal characterization of the discussion is insufficient to conclude that the trial court's finding was objectively unreasonable.

### C. Was the State Court Application of *Brady* and *Napue* Unreasonable?

Petitioner argues that the state Supreme Court application of *Napue* was unreasonable because the prosecutor elicited untruthful answers from Van Brackle at trial. (Dkt. No. 27 at 14.)

Van Brackle said at trial that he did not receive consideration from the prosecutor's office and did not ask for consideration, but Petitioner argues that the declaration discussed above belies that testimony. The Court has already found that the state trial court determination of fact was not objectively unreasonable. The state trial found that Van Brackle neither requested nor received any consideration in exchange for his testimony. Deferring to this determination, the Court finds no *Napue* violation.

Petitioner also argues that the state court's application of *Brady* and *Napue* to the facts concerning Highley's testimony was unreasonable. The basis for Petitioner's argument is a purported discrepancy between Highley's representations about the lack of benefits he would receive from testifying and the benefits he actually received. The state began Highley's testimony by asking, "are you aware that anything you say in court today *can and probably will be used against you in your own proceeding?*" 5/24/04 Vol. I VRP:8 (emphasis in Petitioner's brief). Petitioner argues, "As it turned out, though, he predictably received leniency in his own case because of his testimony, even though he told the Light-Roth jury that he would not." (Dkt. No. 27 at 15.) There is no discrepancy here. The state court judge found that any leniency Mr. Highley received in his own criminal proceeding was because the prosecutor determined that Mr. Highley's duress defense supported a reduction in the charge. (Ex. 49 at 6.) Petitioner presents no evidence to the contrary. The Court finds no *Brady* or *Napue* violation concerning Mr. Highley's testimony.

### D. Certificate of Appealability

An appeal of this order may not be taken to the court of appeals unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (U.S. 2003). Although the Court has concluded that the declaration of Mr. Van

Brackle's counsel pertaining to use immunity is insufficient evidence to render the state court's factual determination unreasonable, it is conceivable that another jurist could disagree

# I. CONCLUSION

In all respects other than the issuance of a certificate of appealability, the Court adopts the Report and Recommendation. (Dkt. No. 26.) Petitioner's request for an evidentiary hearing is DENIED. Petitioner's habeas petition is DENIED and this action is DISMISSED, with prejudice. A certificate of appealability is issued with respect to the following two questions only: a) was the state court's factual determination that there is no evidence that Mr. Van Brackle received any benefit for his cooperation and testimony in Mr. Light-Roth's case unreasonable? b) Was the state court's application of *Napue* to the facts concerning Mr. Van Brackle's testimony unreasonable?

DATED this 12th day of January 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE